## THE PRESIDENT, etc., TOWN OF EARLVILLE
### v.
## JOEL CARTER.

CONTRIBUTORY NEGLIGENCE.—Where a person having full knowledge of the unsafe condition of a bridge, attempts to cross it and is injured in the attempt, it is a want of ordinary care, and he cannot recover therefor, however gross may be the negligence of the town in respect to the bridge, unless such negligence was willful.

APPEAL from the Circuit Court of LaSalle county; the Hon. FRANCIS GOODSPEED, Judge, presiding.   Opinion filed June 17, 1880.

Messrs. RICHOLSON & SNOW, for appellant; upon the question of contributory negligence, cited The President, etc. v. Carter, 2 Bradwell, 34; Shearman & Redfield on Negligence, § 30; C. & A. R. R. Co. v. Becker, 76 Ill. 25; Folsom v. Town of Underhill, 36 Vt. 591; Walker v. Westfield, 39 Vt. 252; Deher v. Town of Fitchburg, 22 Wis. 677; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; C. B. & Q. R. R. Co. v. Lee, 68 Ill. 576; City of Quincy v. Barker, 81 Ill. 300; Centralia v. Krouse, 64

Ill. 19; Lewis v. B. & O. R. R. Co. 38 Md. 588; C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; C. & N. W. R. R. Co. v. Clark, 2 Bradwell, 116.

Mr. C. H. BRUSH and Mr. H. T. GILBERT, for appellee; that a motion in this court to strike from the record matter improperly inserted therein is competent, cited Bates v. Ball, 72 Ill. 108; A. & N. R. R. Co. v. Wagner, 17 Am. Law Reg. 181; Hayward v. Catton, 1 Bradwell, 577.

As to meaning of "negligence": C. & A. R. R. Co. v. Pondrom, 51 Ill. 333; C. B. & Q. R. R. Co. v. VanPatten, 74 Ill. 91.

Having filed a written motion for new trial, appellant cannot now insist upon objections not embraced in said motion: Emory v. Addis, 71 Ill. 273; Jones v. Jones, 71 Ill. 562; O. O. & F. R. V. R. R. Co. v. McMath, 1 Bradwell, 429; Practice Act, § 57.

A declaration which states a cause of action is good in arrest of judgment: Com. Ins. Co. v. Treas. Bank, 61 Ill. 482; Smith v. Curry, 16 Ill. 149.

PLEASANTS, J.    Appellee recovered judgment below for $75 against appellant, for personal injuries sustained by the falling of a defective bridge in the town while he was crossing it with his team and wagon.

A judgment for a larger sum on a former trial was reversed in this court, for reasons stated in the opinion reported in 2 Bradwell, 34, in which the legal principles involved were fully discussed.

That the bridge was dangerous for months before it fell—that the fact was known to the authorities of the town—and that there was gross carelessness in neglecting for so long a time either to fit it for, or effectually close it against public use, are fully shown by the evidence contained in this record. But it is no less clear that the plaintiff also during all this time had actual knowledge of its condition, and well understood that the peril of an attempt to cross it with a team was both great and imminent,—and so manifested a want of ordinary care for his own safety in voluntarily incurring it.

It is well settled that in such a case he cannot lawfully recover for the negligence of the defendant, however gross, unless it be willful—of which there is here no pretense.

If it were necessary to cite authorities for a proposition so familiar they may be found in abundance in the opinion above referred to. Any discussion of the other questions raised would be altogether unprofitable.

For the error of the circuit court in overruling defendant's motion to set aside the verdict—which was thus against the law and the evidence—we must reverse this judgment.

Judgment reversed and cause remanded.